IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DELLA YEAGLEY,

Plaintiff,

CASE NO.:

-vs-

6:14-cv-1356-Orl-18KRS

CITIFINANCIAL, INC.,

Defendant

_____/

## COMPLAINT

Plaintiff, DELLA YEAGLEY, by and through her undersigned counsel, sues the Defendant, CITIFINANCIAL, INC., and in support thereof respectfully alleges the following:

1. Plaintiff alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA") and the Florida Consumer Collections Practices Act, Chapter 559, *et seq.* ("FCCPA").

## JURISDICTION AND VENUE

2. This is an action for damages exceeding Seventy-five Thousand Dollars ($75,000.00) exclusive of attorney's fees and cost.

3. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1332, diversity jurisdiction, and by 28 U.S.C.§1331, Federal Question Jurisdiction, as this action involves violations of 47 U.S.C. § 227 of the TCPA and/or by F.S. §47.011

4. Venue is proper in this District because the Plaintiff resides in this District (Seminole County) and the Defendant transacts business in Seminole County, Florida.

1

## FACTUAL ALLEGATIONS

5. Plaintiff is a natural person, and citizen of the State of Florida, residing in Seminole County, Florida.

6. Defendant is a corporation and a citizen of the State of New York with a principal place of business at 300 St. Paul Place, Baltimore, Maryland.

7. The conduct of Defendant which gives rise to the cause of action herein alleged occurred in this District, Seminole County, Florida.

8. Defendant, at all times material, was attempting to collect on an account and/or was making calls on a unknown debt(s) believed to belong to "Eric Yeagley" and perhaps belonging to others, but which did not belong to Plaintiff. (hereinafter the "subject account(s)").

9. Defendant knowingly and/or willfully harassed and abused Plaintiff on numerous occasions by calling Plaintiff's cellular telephone number up to six (6) times a day from approximately July, 2013 through at least April, 2014, with such frequency as can reasonably be expected to harass, all in an effort related to the collection of the subject account(s).

10. Upon information and belief, and due the sheer number of calls (up to six times a day) each call the Defendant made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, a predictive dialer, or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C §227(a)(1), given the overwhelming frequency of the calls, the times in which calls were made and there would be a pause, delay or no live person, and/or the continuously nature of the calls after Plaintiff told the Defendant to stop calling (hereinafter "autodialer calls").

11. Each of the autodialer calls the Defendant made to the Plaintiff's cellular telephone number was done so without the "prior expressed consent" of the Plaintiff.

12. In approximately the June, 2013, Plaintiff began receiving autodialer calls from Defendant on her cellular telephone number, (407) 571-9671, concerning an unknown debt. Plaintiff has never had a CitiFinancial credit card and has not done business with the Defendant.

13. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number, (407) 571-9671, and was the called party and recipient of Defendant's autodialer calls.

14. The autodialer calls from Defendant came from telephone numbers which included, but are not limited to: 800-733-1116. This is a number belonging to Defendant as when it is dialed, a prerecorded voice answers identifying the number belonging to Citi cards.

15. Each time Plaintiff answered a call from Defendant she told the Defendant's representative, "stop calling me." However, Defendant continued to call Plaintiff's cellular telephone up to six (6) times a day.

16. Despite Plaintiff informing Defendant that she did not owe any debts and to stop calling her, the automated calls continued until approximately April 18, 2014. While Plaintiff did not keep a call log of all of the automated calls, attached hereto is a list of calls made by Defendant to Plaintiff's cellular telephone for the time period of March 26, 2014 through April 18, 2014 showing one hundred eighteen (118) calls during just that twenty-three (23) day time frame alone. Defendant has, or should be in possession and/or control of call logs, account notes, autodialer reports and/or other records that detail the exact number of autodialer calls made to Plaintiff over the relevant time period. See **Exhibit "A"** attached hereto.

17. The Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, and to make autodialer calls just as they did to the Plaintiff's

3

cellular telephone in this case, with no way for the called party and recipient of the calls, or the Defendant, to permit the removal of the incorrect number.

18. Defendant's corporate policy is structured as to continue to call individuals like the Plaintiff, despite the individual, like Plaintiff, explaining to the Defendant that they are the wrong party, do not owe a debt to Defendant, that the person they are attempting to collect from is deceased, there is no estate, and advising Defendant to stop calling.

19. Defendant's corporate policy provided no means for the Plaintiff to have her cellular number removed from the call list, or otherwise permit the cessation of and/or suppression of calls to Plaintiff.

20. Defendant knowingly employed methods and/or has a corporate policy designed to harass and abuse individuals and has set up their autodialer in a manner which makes it virtually impossible for the autodialer calls to stop.

21. Defendant knowingly employed methods that did not permit the cessation of or suppression of autodialer calls to the Plaintiff's cellular telephone.

22. Plaintiff did not expressly consent to Defendant's placement of autodialer calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or the use of an artificial or prerecorded voice prior to Defendant's placement of the calls.

23. Due to Defendant's constant autodialer calls and demands for payment and/or demands for location information for individuals other than Plaintiff, Plaintiff has suffered statutory and actual damages in the form of emotional distress, frustration, worry, anger, and/or loss of capacity to enjoy life.

## COUNT I
### (Violation of the TCPA)

24. Plaintiff re-alleges and incorporates Paragraphs one (1) through twenty-three (23) above as if fully stated herein.

25. None of Defendant's autodialer calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

26. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system, a predictive dialer, and/or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

27. Defendant violated the TCPA with respect to all of Defendant's autodialer calls to Plaintiff's cellular telephone number, and/or willfully or knowingly violated the TCPA with respect to its continued autodialer calls to Plaintiff's cellular telephone number after being requested to stop in approximately June, 2013.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, actual damages, treble damages, costs, interest, and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the Florida Consumer Collection Practices Act "FCCPA")

28. Plaintiff re-alleges paragraphs one (1) through twenty-three (23) above as if fully stated herein:

29. At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

30. Plaintiff is an alleged "debtor" and/or "consumer" pursuant to F.S. §559.55(2) as Defendant, per its conduct in continuing to call Plaintiff on the subject account(s) despite knowing that Plaintiff was not its actual debtor, engaged in conduct that could only be construed as alleging that Plaintiff was obligated to pay said debt.

31. Defendant has violated Florida Statute §559.72(7) by willfully communicating with the Plaintiff, an alleged debtor, with such frequency as can be reasonably be expected to harass the debtor.

32. Defendant has violated Florida Statute §559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse the Plaintiff, an alleged debtor.

33. Defendant has violated Florida Statute §559.72(9) by claiming, attempting, or threatening to enforce a debt as to Plaintiff, when Defendant had actual knowledge that the debt was not legitimate as to Plaintiff, and/or by asserting the existence of a right known not to exist, including the alleged rights to continue to call the Plaintiff knowing she was not obligated on the subject account(s) and/or continuing to call after being told to stop calling.

34. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of actual and statutory damages as described by Florida Statute §559.77.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, actual damages for emotional and mental pain and suffering, fear, humiliation, embarrassment, frustration and loss of capacity for the enjoyment of life, costs, interest, attorney's fees pursuant to F.S. §559.77, and any other such relief the court may deem just and proper.

Respectfully submitted,

_____
Michael J. Vitoria, Esquire
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
mvitoria@forthepeople.com
afloyd@forthepeople.com
kreynolds@forthepeople.com
Florida Bar #: 0135534
Attorney for Plaintiff

7